SUTIN, Judge (specially concurring). {63} I concur in the result. I write separately because I do not agree with the rationale employed by the majority in applying Apprendi, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and its progeny as controlling precedent. I think that the case should be remanded for further development of acceptable rationales for requiring jury consideration of the amenability factors or, barring remand, should be certified to our Supreme Court for consideration of rationales I discuss in this separate opinion. {64} The majority relies on Apprendi as applicable and controlling precedent. Apprendi is grounded in the Sixth and Fourteenth Amendments. The majority is therefore holding that the Sixth Amendment, together with the Fourteenth Amendment, requires the amenability factors to be determined by a jury beyond a reasonable doubt (1) upon adjudication of a juvenile as a youthful offender by the children’s court under the Children’s Code, and (2) upon the children’s court’s decision as permitted under the Children’s Code to invoke an adult sentence on the youthful offender. This process from beginning to end is a children’s court adjudicatory process that is separate and distinct from the adult criminal process. See NMSA 1978, § 32A-1-1 (1995) (naming Chapter 32A NMSA as the “Children’s Code”); NMSA 1978, § 32A-1-4(C) (2003) (amended 2005 and 2009) (defining the children’s court); NMSA 1978, § 32A-1-5 (1993) (establishing the children’s court); §§ 32A-2-19, -20 (relating to adjudication of delinquent offenders as youthful offenders and to disposition of youthful offenders). Yet, as the majority opinion acknowledges, McKeiver, 403 U.S. at 545, 91 S.Ct. 1976, says that the Sixth Amendment right to a jury trial does not extend to such juvenile adjudicatory processes. Therefore, in my view, Apprendi is not controlling based on the rationale set out in the majority opinion. The majority applies Apprendi specifically to adjudications of youthful offenders in separate and distinct juvenile proceedings based on Apprendi’s Sixth Amendment foundation, even though under McKeiver, the Sixth Amendment right to a jury trial does not extend to those very youthful offender, juvenile proceedings. {65} I have no problem applying Apprendi under a different rationale. Namely, as here, when a juvenile is placed at risk of being treated as an adult who has been convicted of a felony subject to adult punishment, the Sixth Amendment is applicable because, in reality, the juvenile is treated as though he is an adult who is protected under the Sixth Amendment. Nor do I have a problem applying Apprendi’s due process analyses in favor of jury consideration of the factors even if the Sixth Amendment is not applicable under any rationale, because New Mexico constitutionally and statutorily grants juveniles the right to a jury trial, and also constitutionally grants juveniles due process of law. See N.M. Const, art. II, §§ 12, 18; Peyton, 78 N.M. at 723, 437 P.2d at 722 (stating that juveniles charged with a felony are guaranteed a jury trial in New Mexico under the New Mexico Constitution). Thus, based on reasoning parallel to Apprendi’s federal constitutional law analysis, and under our state constitutional and statutory right to a jury trial and our state due process protections, the State is required to abide by the view that “any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi, 530 U.S. at 489-90, 120 S.Ct. 2348; Evitts v. Lucey, 469 U.S. 387, 400-02, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (indicating that where the right to effective assistance of counsel is granted by the state, procedures used and decisions made on the issue must accord with due process); cf. In re L.M., 286 Kan. 460, 186 P.3d 164, 170 (2008) (determining that McKeiver was no longer applicable to the Kansas juvenile system, concluding “that the Kansas juvenile justice system has become more akin to an adult criminal prosecution,” and holding “that juveniles have a constitutional right to a jury trial under the Sixth and Fourteenth Amendments”); Commonwealth v. Quincy Q., 434 Mass. 859, 753 N.E.2d 781, 788-90 (2001) (holding that juveniles have a right to a jury determination of the facts supporting the imposition of an adult sentence), overruled on other grounds by Commonwealth v. King, 445 Mass. 217, 834 N.E.2d 1175 (2005). {66} The parties did not raise these rationales below or in this Court. These rationales should be aired, given the fact that Apprendi, which indisputedly relies on a Sixth Amendment right to a jury trial, cannot in the face of McKeiver be rationally applied to youthful-offender adjudications in Children’s Code adjudicatory proceedings unless it is applied under a rationale that the Sixth Amendment protects a juvenile who is placed at risk of being treated as an adult who has been convicted of a felony subject to adult punishment. I would prefer that the case be remanded for development of these issues or certified to the Supreme Court for its consideration either under that Court’s apparent inherent discretion to consider argument and authority not presented in the district court or in this Court, or after receiving additional briefing. {67} One final matter: I agree that the decisions in the transfer cases discussed in the majority opinion at pages 19-20 should not be instructive or followed. I would not, however, attempt to distinguish them as does the majority on the basis of any concept of jurisdiction or for that matter on any rationale other than that the cases were not correctly decided. See Jenny E. Carroll, Rethinking the Constitutional Criminal Procedure of Juvenile Transfer Hearings: Apprendi, Adult Punishment and Adult Process, 61 Hastings L.J. (forthcoming 2009); Vannella, supra, at 755-70. The correct disposition is that when, as in New Mexico, the juvenile adjudicatory process places a juvenile at risk of being treated as an adult convicted of a felony and subject to adult punishment, the Sixth Amendment should be applicable. This, in turn, brings Apprendi back into play.